# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-60 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Daniel Thomas Stanger, | |
| Defendant. | |

This matter comes before the Court on Defendant Daniel Thomas Stanger's Motion to Continue (ECF No. 46). Defendant previously filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act for a term of sixty days so he and his counsel could continue to "work towards a negotiated resolution of this case." (ECF No. 41.) The basis for Defendant's current continuance request is that his counsel has a scheduling conflict. (ECF No. 46.) The Government does not object to this continuance. (*Id.*)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On November 24, 2020, Chief Judge Tunheim entered General Order No. 22, which continues all in-person hearings, unless the presiding judge determines that an in-person

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

hearing is necessary, through January 31, 2021, and states that no new criminal trial may commence before February 1, 2021. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 22 (D. Minn. Nov. 24, 2020).

General Order No. 22 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 22 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

The Court inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (ECF No. 14.) Defendant indicated through counsel that he consents to videoconferencing for the criminal motions hearing. (ECF No. 19.) Consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing will be held by videoconference and continued to February 11, 2021.

Therefore, pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and

---

[2] *See also* General Order No. 24, which went into effect on December 25, 2020, and extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Dec. 22, 2020).

Defendant in a speedy trial and such continuance is necessary to provide Defendant and his attorney reasonable time necessary for effective preparation and to make efficient use of the parties' resources.  Additionally, for the reasons addressed in General Order No. 22 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial.  The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Continue (ECF No. 46) is **GRANTED**.

2. The period of time from **January 22, 2021 through February 11, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. Any Notice of Intent to Call Witnesses must be filed by **February 1, 2021**. D. Minn. LR 12.1(c)(3)(A).

4. Any Responsive Notice of Intent to Call Witnesses must be filed by **February 4, 2021**.  D. Minn. LR 12.1(c)(3)(B).

5. **The criminal motions hearing is continued to February 11, 2021 at 9:00 a.m. and will occur by ZOOMGOV videoconferencing technology.**

Dated: January  26 , 2021

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Stanger*
Case No. 20-cr-60 (WMW/TNL)

3